Mark SIMMERSON *v.* STATE of Arkansas

CA CR 99-1277                                25 S.W.3d 439

Court of Appeals of Arkansas
Division IV
Opinion delivered September 6, 2000

*Baim, Gunti, Mouser, Robinson, & Havner,* by: *Greg Robinson* and *Michelle Rollins,* for appellant.

*Mark Pryor,* Att'y Gen., by: *C. Joseph Cordi, Jr.,* Ass't Att'y Gen., for appellee.

J OHN B. ROBBINS, Chief Judge. The appellant, Mark Simmerson, was charged by information with manslaughter, was convicted of that offense in a jury trial, and was sentenced to a term of five years in prison. As his only issue on appeal, he contends that the trial court erred in denying his motion to dismiss the charge of manslaughter and to substitute for it a charge of negligent homicide. We find no error and affirm.

On the evening of October 30, 1998, appellant was driving a van that was involved in a head-on collision which resulted in the death of a twelve-year-old child, Britteny Kientz, who was a passenger in the other vehicle driven by her father, Rick Kientz. There was testimony that appellant's vehicle had been observed weaving and crossing the center line of the highway prior to the accident and that the accident occurred when appellant crossed the center line and hit the oncoming Kientz vehicle. The result of appellant's blood alcohol test was .19 percent, and in his testimony appellant admitted that he had been drinking with his brother that night and had consumed six to eight beers, or possibly more. He also stated that he had declined his brother's invitation to stay the night with him, choosing instead to drive home.

On appeal, appellant does not argue that the evidence does not support his conviction for manslaughter, which is committed when a person recklessly causes the death of another person. *See* Ark. Code Ann. § 5-10-104(a)(3) (Repl. 1997). Instead, he contends that under these facts the law required him to be charged with negligent homicide and that the trial court erred by not amending the information. Appellant bases this argument on the 1987 amendment to the negligent homicide statute, found at Ark. Code Ann. § 5-10-105(a)(1), which provides:

> (a)(1) A person commits negligent homicide if he negligently causes the death of another person, not constituting murder or manslaughter, as a result of operating a vehicle, an aircraft, or a watercraft:
>
> (A) While intoxicated; or
>
> (B) If at that time there is one-tenth of one percent (0.1%) or more by weight of alcohol in the person's blood as determined by a chemical test of the person's blood, urine, breath or other bodily substance.

He contends that the amendment reflects the legislature's intent that a person responsible for the death of another in an alcohol-related, vehicular accident must exclusively be charged with negligent homicide. We uphold the denial of appellant's motion. We do not agree that the negligent homicide statute precludes a prosecutor from charging the appellant with manslaughter. When we construe a statute, we look first at the plain language of the statute and give the words their plain and ordinary meaning. *Bush v. State*, 338 Ark. 772, 2 S.W.3d 761 (1999). By its plain wording, Ark. Code Ann. § 5-10-105(a)(1) expressly allows for murder or manslaughter charges to arise from a homicide involving the operation of an automobile. We can discern no contrary intent on the part of the legislature.

Because our criminal code allows for a range of charges to address a vehicular homicide, the choice of which charges to file against an accused is a matter entirely within the prosecutor's discretion. *Simpson v. State*, 339 Ark. 467, 6 S.W.3d 104 (1999); *State v. Vasquez-Aerreola*, 327 Ark. 617, 627, 940 S.W.2d 451, 455 (1997). Accordingly, the trial court did not err in refusing to amend the information.

Affirmed.

PITTMAN and CRABTREE, JJ., agree.